IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILWAUKEE CASUALTY INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| | : | NO. |
| Plaintiff | : | |
| v. | : | |
| | : | |
| LCA HOLDING INC. C/O EPIC/FREEDOM, LLC, A/K/A ANDVENTURE, INC. D/B/A EPIC HEALTH SERVICES--YORK | : | |
| | : | |
| Defendant | | |

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff Milwaukee Casualty Insurance Company (hereinafter referred to as "Plaintiff"), by and through its undersigned counsel, makes this Declaratory Judgment Complaint by alleging as follows:

1. This is a civil action for declaratory relief brought pursuant to 28 U.S.C. §2201 on behalf of Plaintiff against Defendant LCA Holding Inc. C/O Epic/Freedom, LLC, d/b/a Andventure, Inc. D/B/A Epic Health Services – York ("Defendant") for the purpose of determining an actual controversy between the parties.

## JURISDICTION

2. Venue is proper in this Court pursuant to 28 USC §1391(a) in that the Defendant regularly conducts business within the Commonwealth of Pennsylvania

{01483072;v1}

and the underlying actions, which are currently pending in the Court of Common Pleas of York County, occurred in the Commonwealth of Pennsylvania.

3. The matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, giving this Court subject matter jurisdiction under 28 U.S.C. §1332 and under the Declaratory Judgment Act, 28 U.S.C. §2201.

## PARTIES

4. Plaintiff is a business organized and existing under the laws of the state of Delaware, with its principal place of business in Texas.

5. Defendant is a corporation existing under the laws of the Commonwealth of Pennsylvania, doing business within the Commonwealth of Pennsylvania, with a principal place of business located at 5220 Spring Valley Road, Dallas, TX 65254.

## THE UNDERLYING ACTION

6. Ashley Sweitzer ("Sweitzer") instituted an action on or about April 25, 2016, against Andventure, Inc. d/b/a/ Epic Health Services – York in York County, No. 2016-SW-001126 ("Sweitzer Lawsuit").

7. On or about July 18, 2016, Sweitzer filed a Second Amended Complaint. A true and correct copy of the Second Amended Complaint is attached hereto and marked as Exhibit "A".

8. Sweitzer alleged that on or about November 16, 2014, she commenced employment with Defendant as a pediatric nurse. See Exhibit "A".

9. Sweitzer alleged that on December 26, 2015, when she showed up for work at the residence of a client of Defendant, minor RK, the client's father, Mr. Kennedy, violently attacked and overpowered her, and proceeded to rape her. See Exhibit "A".

10. Sweitzer alleged that prior to Defendant hiring her, it knew or had reason to know that Mr. Kennedy posed a danger to female healthcare workers assigned to minor RK's household. See Exhibit "A", ¶20.

11. Sweitzer sets forth two causes of action for: 1) Negligence; and 2) Punitive Damages. See Exhibit "A".

12. In support for the "Negligence" claim, Sweitzer alleged that Andventure breached its duty to provide her with a safe workplace, and to take steps to "protect her from being sexually assaulted and violently attacked at her assigned work location." See Exhibit "A", ¶34.

14. Sweitzer alleged that Andventure was negligent because it, *inter alia*, failed to formulate, adopt and/or enforce rules, policies and procedures to: 1) prevent workplace violence; 2) vet members of patient households; and 3) provide a safe workplace. See Exhibit "A", ¶39.

15. In addition, Sweitzer alleged that Andventure was negligent, *inter alia*, because it: 1) violated OSHA; 2) permitted Sweitzer to enter RK's residence knowing the dangers posed; and 3) failed to inform her of prior sexual assaults reported to it. See Exhibit "A", ¶39.

16. Plaintiff alleged that she sustained physical injuries, "mental and emotional injuries," healthcare expenses, and "other financial damages." See Exhibit "A".

17. On May 5, 2016, Plaintiff received notice of the Sweitzer Lawsuit.

18. On May 24, 2016, Defendant advised that it had hired Ogletree Deakins to represent it in the Sweitzer Lawsuit, and requested Plaintiff's consent to use Ogletree Deakins.

19. On May 27, 2016, Plaintiff issued a reservation of rights letter. A true and correct copy of the May 27, 2016 reservation of rights letter is attached hereto and marked as Exhibit "B".

20. On December 15, 2016, a supplemental reservation of rights letter was issued wherein Plaintiff consented to the retention of Ogletree Deakins pursuant to the policy, and advised that Plaintiff would share in the costs of defense of the Sweitzer Lawsuit subject to the limits of liability that apply. A true and correct copy of the December 15, 2016 supplemental reservation of rights letter is attached hereto and marked as Exhibit "C".

21. As of this filing, Plaintiff has not received a response to either reservation of rights letters.

22. On October 5, 2017, Plaintiff requested prior reports and the current status of the case from Defendant's assigned counsel, Ogletree Deakins.

23. In addition, on October 5, 2017, Plaintiff advised that it had offered to share in the costs of defense, but had heard nothing in response, and inquired as to who was paying Ogletree Deakins' invoices, and requested reports.

24. By letter dated December 18, 2017, Plaintiff advised that it had not receive a response to its December 15, 2016 supplemental reservation of right letter and whether Defendant agreed with its assessment. A true and correct copy of the December 18, 2017 letter is attached hereto and marked as Exhibit "D".

25. In the December 18, 2017 letter, Plaintiff quoted the cooperation clause contained within the insurance policy issued to Defendant and advised that Plaintiff had not been provided any updates from either Defendant or Ogletree Deakins about the status of the Sweitzer Lawsuit. See Exhibit "D".

26. Thereafter, counsel for Plaintiff requested, *inter alia*, status updates, an evaluation of the case, Plaintiff's demand and invoices from Ogletree Deakins on several occasions.

27. On February 20, 2018, Defendant forwarded a summary update from Ogletree Deakins, and on June 4, 2018, Defendant advised that the latest

information was that the Sweitzer Lawsuit was moving toward a summer mediation.

28. Then, without providing any evaluations of the Sweitzer lawsuit including liability or damages, consistent updates on the status of the case, discussing strategy or invoices from Ogletree Deakins, on June 15, 2018, Defendant advised that Sweitzer demanded $3.5M to resolve the case and that a mediation was scheduled for July 26, 2018.

29. On July 3, 2018, counsel for Plaintiff requested written evaluations and a copy of the mediation memorandum.

30. On July 17, 2018, Plaintiff sent a provisional denial letter/supplemental reservation of rights letter advising that Defendant violated the terms and conditions of the insurance policy, and as a result thereof there could be no duty to defend, indemnify and/or settle the Sweitzer Lawsuit. A true and correct copy of the July 17, 2018 letter is attached hereto and marked as Exhibit "E".

31. Plaintiff also advised that it repeatedly asked to be keep informed and involved in the Sweitzer Lawsuit, but Defendant failed to do so and, therefore, Plaintiff is unable to evaluate, and cannot evaluate, any settlement negotiations, demands and/or proposals due to this complete lack of cooperation. See Exhibit "E"

32. Plaintiff outlined that at the very least, it needed the following documents: (a) all information and documentation relating to the Sweitzer Lawsuit; (b) an evaluation of liability and damages; (c) information about the mediation and any mediation memoranda that have been prepared; (d) any and all settlement efforts; (e) invoices from Ogletree Deakins; and (f) a response to Plaintiff's coverage assessment. See Exhibit "E"

33. On July 22, 2018, Defendant advised that it would respond to the reservation of rights letter in detail, that the mediation was rescheduled, and the parties were working on dates for the mediation.

34. As of the date of this filing, Defendant has not responded to any of the reservation of rights letters and/or provided a response to Plaintiff's coverage assessment.

35. As of the date of this filing, sans pleadings in the Sweitzer Lawsuit and two status updates, Defendant has not provided all information and documentation relating to the Sweitzer Lawsuit.

36. As of the date of this filing, Defendant has not provided an evaluation of liability and damages.

37. As of the date of this filing, Defendant has not provided any mediation memoranda.

38. As of the date of this filing, Defendant has not provided any information regarding settlement efforts.

39. As of the date of this filing, Defendant has not provided invoices from Ogletree Deakins.

40. Plaintiff, despite its requests, has not received information of the kind necessary to meaningfully participate in a mediation.

## INSURANCE POLICY

41. Plaintiff issued a Workers Compensation and Employers Liability Policy, Policy No. MWC1010983, with a policy period from October 1, 2015 to October 1, 2016 (the "Policy"). Part Two of the Policy, Employers Liability Insurance, has a $1,000,000 per accident limit and Andventure, Inc. is a named insured under the Policy. A true and correct copy of the Policy is attached hereto and marked as Exhibit "F".

42. The applicable provisions of the Policy include, but are not limited to the following:

### PART TWO

### EMPLOYERS LIABILITY INSURANCE

**D.   We Will Defend**

   We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits. We have no duty to defend a claim, proceeding or suit that is not covered by this

insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

. . .

## PART FOUR

## YOUR DUTIES IF INJURY OCCURS

Tell us at once if injury occurs that may be covered by this policy. Your other duties are listed here.
. . .
3. Promptly give us all notices, demands and legal papers related to the injury, claim, proceeding or suit.
4. Cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit.
. . .
6. Do not voluntarily make payments, assume obligations or incur expenses, except at your own cost.

<u>See</u> Exhibit "F".

## COUNT I
## PLAINTIFF v. DEFENDANT
## PLAINTIFF HAS NO DUTY TO DEFEND AND INDEMNIFY DEFENDANT AS DEFENDANT HAS BREACHED THE TERMS AND CONDITIONS OF THE INSURANCE POLICY BY FAILING TO PROVIDE INFORMATION AND DOCUMENTS REQUESTED, AND FAILING TO COOPERATE

43. Plaintiff hereby incorporates by reference paragraphs 1 through 42 as if fully set forth herein at length.

44. An actual controversy exists between Plaintiff and Defendant requiring a declaration by this Honorable Court as to the rights, duties and obligations of the parties pursuant to the insurance policy issued by Defendant.

45. Pursuant to the terms and conditions of the Policy, Defendant was required to: "[p]romptly give us all notices, demands and legal papers related to the injury, claim, proceeding or suit." See Exhibit "F".

46. Pursuant to the terms and conditions of the Policy, Defendant is required to: "[c]ooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit." See Exhibit "F".

47. As outlined above, although Plaintiff has requested, *inter alia*, evaluations, statements, information and documents in order to evaluate the claims in the Sweitzer Lawsuit, Plaintiff's failure to provide even the most basic information has made it impossible to do so.

48. Without having the ability to evaluate the claims in the Sweitzer Lawsuit, Plaintiff cannot meaningfully engage or participate in any settlement negotiations.

49. Further, Plaintiff has been "been left in the dark" and has not been given the opportunity to engage in any pre-trial discovery, participate in strategic decisions, development of legal defenses, or settlement strategies.

50. As a direct result of Defendant's conduct, Plaintiff has been deprived of the opportunity to investigate, negotiate and defend the claims in the Sweitzer Lawsuit.

51. Consequently, Plaintiff respectfully requests that the Honorable Court enter an Order declaring the following:

    (a) For all of the reasons set forth in paragraphs above, Plaintiff has a duty to defend and/or indemnify Defendant in the Sweitzer Lawsuit;

    (b) Plaintiff is awarded its costs and all reasonable attorney's fees incurred in the prosecution of this action; and

    (c) Such other relief as the Court may find just and equitable under the circumstances.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in its favor and against Defendant as outlined above.

                          **FINEMAN KREKSTEIN & HARRIS, P.C.**

                          BY: /s/ Hema Patel Mehta
                          **HEMA PATEL MEHTA**
                          **Identification No. 90148**
                          1801 Market Street, Suite 1100
                          Philadelphia, PA 19103
                          215-893-9300
                          hmehta@finemanlawfirm.com

August 28, 2018                      Attorney for Plaintiff

{01483072;v1}